**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| ROSA MARTINEZ,  §<br>　　Plaintiff,　　　　　　§<br>v.　　　　　　　　　　§　　CIVIL NO. 3-14-CV-310-RFC<br>　　　　　　　　　　　　§<br>CAROLYN W. COLVIN,[1]　§<br>Acting Commissioner of Social Security　§<br>Administration,　　　　§<br>　　Defendant.　　　　　§ | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On August 24, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of August 5, 2011. (R:122) Her application was denied initially and on reconsideration. (R:66, 67) Plaintiff filed a request for a hearing, which was conducted on March 20, 2013. (R:45-65, 80-81)

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Administrative Law Judge ("ALJ") issued a decision on May 8, 2013, denying benefits. (R:31-40) The Appeals Council denied review. (R:1-7)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's residual functional capacity finding ("RFC") is supported by the evidence.

2. Whether the ALJ's step five finding that Plaintiff can perform other work that exists in significant numbers in the national economy is supported by substantial evidence.

3. Whether the case should be remanded to the Commissioner for the purpose of awarding benefits or for the purpose of further administrative proceedings.

Plaintiff contends that the ALJ's final determination of non-disability is not supported by substantial evidence. (Doc. 19:10) She contends that the ALJ should have applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("grids") rule applying to sedentary work at step five of the sequential evaluation, i.e., Rule 201.17, which would have directed a conclusion that Plaintiff is disabled. (Doc. 19:6) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc. 19:10) Defendant contends that substantial evidence supports the ALJ's findings and conclusions, that proper legal standards were applied, and that a remand for an award of benefits or further administrative proceedings is unwarranted. (Doc. 20:3-10)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267,

272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of the grids. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential

alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Anderson v. Sullivan*, 887 F.2d at 632.

In the present case, the ALJ found that Plaintiff had severe impairments of: diabetes mellitus; rheumatoid arthritis; and, obesity. (R:34) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. After considering the entire record, he determined that Plaintiff had the residual functional capacity to perform light work, except that she was limited to at least 2 hours of standing/walking in an 8 hour workday, with the additional nonexertional limitations of only frequent pushing/pulling with the upper and lower extremities either singularly or in tandem, occasional stooping, no climbing, balancing, kneeling, crouching, or crawling, and avoidance of temperature extremes, dust, work hazards, and fumes, odors, chemicals and gases. (R:35) Based on the foregoing, the ALJ found that Plaintiff could perform a reduced range of light work. He determined that on the basis of the testimony of the VE, and considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (R:39) A finding of "not disabled" was therefore appropriate. (R:39)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Plaintiff contends that substantial evidence does not support the ALJ's determination that she retains the capacity to perform a reduced range of light work. She argues that the record shows that Plaintiff is unable to perform at least six hours of standing/walking and that the ALJ failed to fully address Plaintiff's standing and walking abilities. (Doc. 19:4) Hence, Plaintiff asserts that she was prejudiced by the ALJ's error.

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; Soc. Sec. Ruling ("SSR") 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

## **ANALYSIS**

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled.

Plaintiff's first major contention is that the ALJ erred in determining the RFC in this case, and that substantial evidence does not support the RFC conclusion. Specifically, the argument is that the ALJ failed to fully address Plaintiff's standing and walking abilities, and failed to include all limitations relating to Plaintiff's impairments in his RFC determination. (Doc. 19:4) Plaintiff argues

that the ALJ found that Plaintiff can do no more than six hours of standing/walking in an eight-hour workday, and that the record evidence shows that Plaintiff is more limited. (Doc. 19:3-6) Plaintiff argues that apart from an opinion of a non-examining physician that Plaintiff can perform medium work, no evidence supports the ALJ's RFC conclusion. (Doc.19:5)

A review of the record shows that Plaintiff's RFC argument lacks merit. First of all, the ALJ did not find as part of his RFC determination that Plaintiff had the ability to stand and/or walk for up to six hours in an eight-hour workday. As the Defendant argues, Plaintiff's interpretation is flawed. (Doc. 20:4) The ALJ's use of the language "no more than six hours of standing/walking in an eight-hour workday" was clearly a reference to the general definition of the full range of light work prefatory to the ALJ's RFC determination. The actual RFC determination by the ALJ was that Plaintiff had the RFC to perform light work, "generally defined" as work requiring lifting/carrying no more than 10 pounds frequently and 20 pounds occasionally, and no more than 6 hours of standing/walking in an 8 hour workday, **except the claimant is limited** to at least 2 hours of standing/walking in an 8 hour workday, with the additional nonexertional limitations of only frequent pushing/pulling with the upper and lower extremities either singularly or in tandem, occasional stooping, no climbing, balancing, kneeling, crouching, or crawling, and avoidance of temperature extremes, dust, work hazards, and fumes, odors, chemicals and gases. (R:35, 63); 20 C.F.R. § 404.1567(b).

A review of the record demonstrates that substantial evidence supports the ALJ's RFC determination. A Medical Source Statement ("MSS") by Plaintiff's Treating Physician, Dr. Chester McDonald fully supports it. (R:288-291) In fact, the ALJ incorporated into his RFC determination the limitations set forth in Dr. McDonald's conclusions in his MSS and also adopted the rest of Dr. McDonald's conclusions. (R:38)

The ALJ considered the rest of the medical evidence as well in arriving at his RFC determination. For example, the non-examining state physicians both concluded that Plaintiff was capable of performing a medium level of work. (R:267-274, 282) The ALJ considered this evidence fully, but rejected it in part, finding that Plaintiff was more limited than was determined by both physicians. (R:38) This decision to partly reject the opinions of the state physicians was arrived at after consideration of all the evidence, medical and otherwise. *Id*.

In furtherance of making his RFC determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within his broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered the medical evidence as well as Plaintiff's testimony. The latter included a litany of complaints urged by Plaintiff. (R:35-37) On the other hand, Plaintiff's disability report reveals that a face to face interview was conducted, and that during that interview no deficits with Plaintiff's reading, understanding, concentrating, talking, answering, sitting, standing, walking, using hands, and writing were noted. (R:150) Based upon his review of the entire evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (R:37) Such a decision was within the ALJ's discretion and is supported by the evidence.

At the fifth step, considering Plaintiff's age, education, work experience, and RFC, as well as the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R:39) Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as Inspector/Tester (DOT No. 726.684-050); Assembler (DOT

No. 713.687-018); Production Worker (DOT No. 685.687-014); Hand Laborer (DOT No. 529.687-138); and, Hand Packer (DOT No. 559.687-014). (R:39, 64)  The ALJ found, pursuant to SSR 00-4p, that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. (R:39)

Plaintiff makes numerous arguments attacking the ALJ's step five determination.  She contends that the ALJ's finding that Plaintiff can perform other work that exists in significant numbers in the national economy is not supported by substantial evidence. (Doc.19:6)  She urges that for VE testimony to provide substantial evidence for an ALJ's step 5 finding, the testimony must be based on a hypothetical question that includes all limitations supported by the record. (Doc. 19:7); *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994).  Plaintiff contends that the ALJ failed to mention anything about "no more than 6 hours of standing/walking in an 8 hour workday" in his hypothetical question, thus making the question an incomplete one. (Doc. 19:7)  Essentially, the ALJ cannot rely on VE testimony in response to a hypothetical question that is inconsistent with the RFC finding.  *Id*.

Plaintiff points out that the ALJ erred in failing to define Plaintiff's education level for the VE. (Doc. 19:8; R:63)  The ALJ's decision, wherein he found that Plaintiff has a limited education and is able to communicate in English (R:38) is contradicted by the evidence of record. (Doc. 19:9; R:152, 154)  It is unclear from the testimony whether the VE considered Plaintiff's illiteracy and inability to communicate in English when she opined regarding Plaintiff's ability to perform other work that exists in significant numbers in the national economy. (Doc. 19:9)  Plaintiff contends that if she is illiterate and unable to communicate in English, she would not be able to perform the jobs identified by the VE. (R:19:9)  The DOT explains that these jobs, although unskilled, require the ability to write and speak simple sentences, and read approximately 2,500 two-to-three syllable

words, and there is no evidence that Plaintiff can perform these job requirements. (Doc. 19:9) Plaintiff argues that in order for the Commissioner to meet her burden of proof, the case must be remanded to allow the ALJ to make specific findings regarding Plaintiff's literacy and her ability to communicate in English, and to obtain VE testimony that responds to a hypothetical question that includes all of Plaintiff's limitations. (Doc. 19:9)

Finally, Plaintiff argues that the ALJ should have relied on the VE's testimony and found that Plaintiff had the RFC for sedentary work only, inasmuch as all of the positions identified by the ALJ as jobs that Plaintiff could perform are categorized as sedentary ones. (Doc.19:7) Specifically, Plaintiff argues that grid rule 201.17 should have been applied to find Plaintiff disabled. (Doc.19:6)

A review of the entire record demonstrates that Plaintiff's arguments are unavailing, inasmuch as substantial evidence supports the ALJ's fifth-step conclusion, and any error which does exist is not reversible. Plaintiff's argument regarding the insufficiency of the hypothetical question propounded by the ALJ to the VE lacks merit. An ALJ need only incorporate into his hypothetical question those limitations supported by the evidence and recognized by the ALJ. *Masterson v. Barnhart*, 309 F.3d 267, 273-74 (5th Cir. 2002). The ALJ did not find that Plaintiff could stand and/or walk for six hours of an 8-hour workday; hence, he was not required to incorporate such a limitation into the hypothetical question. The ALJ's hypothetical question was consistent with the RFC finding, and reflected a limitation of two hours of standing and/or walking. (R:35,63) Since the hypothetical question posed to the VE incorporated reasonably all limitations of Plaintiff recognized by the ALJ, and Plaintiff and her counsel were afforded the opportunity to correct deficiencies in the ALJ's question by cross-examination, the Court finds no error. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The Court finds that the ALJ's fifth step determination

is supported by substantial evidence and that the ALJ properly considered the four elements in arriving at this determination. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

Plaintiff's reversible-error arguments regarding the ALJ's failure to define Plaintiff's education level for the VE, the ALJ's finding that Plaintiff has a limited education and is able to communicate in English, and failure to find Plaintiff illiterate are similarly without merit. The evidence shows that Plaintiff has a 7th grade education from Juarez, Mexico. (R:52) The record contains no evidence that Plaintiff is unable to read or write a language other than English. To the contrary, the evidence shows that she does have that capability. (R:150, 173, 178) However, there is evidence that Plaintiff is unable to read, write, or speak in English. (R:47, 152) Illiteracy in the regulations has been interpreted to refer specifically to illiteracy in English. *See* Acquiescence Ruling ("AR") 86-3(5) at *2 (1986) ("Illiteracy is subsumed under inability to communicate in English."); Social Security Ruling ("SSR") 03-3P. However, courts have rejected the notion that a claimant is *per se* disabled if illiterate or unable to communicate in English. *See Landeros v. Astrue*, No. 11-7156-JPR, 2012 WL 2700384 at *5 (C.D. Cal. July 6, 2012) (collecting cases) (noting that every job listed in the DOT requires at least level-one language skills and to find every illiterate or non-English-speaking plaintiff *per se* disabled regardless of their work history is both illogical and in direct contradiction to Social Security regulations).

The Court finds that the ALJ did err in concluding that Plaintiff is able to communicate in English and in failing to find that Plaintiff was illiterate in English. However, these errors are both harmless and non-reversible for the following reasons. Further, to the extent the ALJ erred in failing to set forth such findings in the hypothetical question to the VE, such error is also harmless and not grounds for reversal for the reasons that follow.

Procedural perfection in administrative proceedings is not required. The Court will not vacate a judgment unless the substantial rights of a party have been affected. The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris v. Bowen,* 864 F.3d 333, 335 (5th Cir. 1988).

The record before the VE reflected that Plaintiff could not communicate in English, as she appeared at the hearing with an interpreter, and had been educated through only the seventh grade in Juarez, Mexico. (R:52) Although such was not specifically set forth in the hypothetical question provided to the VE, there is no reason to believe that the VE did not evaluate Plaintiff as illiterate in English and unable to communicate in English. Further, each of the jobs identified by the VE and relied on by the ALJ at step five of the sequential evaluation process requires level-1 language skills. *See* DOT Nos. 726.684-050; 713-687-018; 685.687-14; 529.687-138; and 559.687-014. The position Plaintiff had actually performed successfully for three years prior to the hearing, that of a caretaker, has a level-2 language skill requirement. DOT 354.377-014. The VE was also aware of other jobs Plaintiff had held in the United States as a presser, labeler, and pattern cutter, which were light, unskilled with an SVP of 2, each of which requires at minimum a level-1 language skill requirement. (R:63) Thus, Plaintiff had amply demonstrated that her inability to communicate in English posed no obstacle to her performance of an occupation that required a higher level of language competency than the jobs the VE identified.

The hypothetical question to the VE properly asks her to take into account not only Plaintiff's educational background but also her work history. (R:63) The VE also provided the number of positions available for each job not only nationally, but locally state-wide, where Plaintiff had

worked and had not found her inability to communicate in English to be a hindrance. Thus, it is clear that the ALJ's error is harmless, and is not grounds for reversal.

Alternatively, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the hearing before the ALJ. *Carey v. Apfel*, 230 F.3d 131, 146-147 (5th Cir. 2000) Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitations on her ability to perform the jobs identified by the VE in the areas of educational level and literacy or lack thereof. (R:64) Instead, the testimony remained unchallenged. In so doing, Plaintiff failed to pursue the nature and extent of any purported conflict between the VE's testimony and the DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief she seeks.

Likewise, there is no error in the ALJ's failure to apply the sedentary grid rules. Sedentary work involves lifting no more than 10 pounds at a time, but the ALJ found, and the record supports, that Plaintiff could perform a reduced level of light work, which includes lifting and carrying 20 pounds occasionally. (R:35) Consequently, she has an exertional capacity that is greater than that required for sedentary purposes. 20 C.F.R. § 404.1567(a). That the VE only identified sedentary occupations is not inconsistent with the ALJ's finding that Plaintiff could perform a limited range of light work, as an individual who can perform light work can also perform sedentary work. *See* 20 C.F.R. § 404.1567(b). The grids may be relied on only if their evidentiary underpinnings coincide exactly with the evidence of disability appearing on the record. *See Lawler v. Heckler*, 761 F.2d 195, 197 (5th Cir. 1985). Thus, it is clear that the ALJ was fully justified in declining to resolve the issue

of disability by relying on grid rule 201.7 or otherwise find that Plaintiff had the RFC for sedentary work only.

Finally, because Plaintiff has failed to show that she is disabled as a matter of law, there is no reason to remand this case to the Commissioner for the purpose of awarding benefits.  *See Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990) (uncontroverted showing of disability).  Neither is there a need to remand for further administrative proceedings.

## **CONCLUSION**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on September 9, 2015.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE